HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TONY L. MAKISHTUM-HANSEN,  Petitioner,  v.  MAKAH TRIBAL COURT,  Respondent. | CASE NO. C12-5510 RBL  ORDER APPOINTING COUNSEL  [DKT. #7] |

THIS MATTER is before the Court on Petitioner's Application for Court Appointed Counsel. [Dkt. #7]. The Court has reviewed the relevant documents and the remainder of the file herein. On August 30, 2012, the Court granted Petitioner's Application to Proceed in *Forma Pauperis* and denied Petitioner's Application for Appointed Counsel. [Dkt. #2]. That same day, Petitioner filed his Petition for Writ of Habeas Corpus. [Dkt. #3]. On September 20, 2012, Petitioner filed another Application for Court Appointed Counsel, which is the subject of this Order.

Whenever a court determines that the interests of justice so require, representation may be provided for any financially eligible person who is seeking habeas relief. *See* 18 U.S.C.

ORDER - 1

§3006A(a)(2). In order to be entitled to appointed counsel, a habeas petitioner must show that appointed counsel is necessary to prevent due process violations. *Roe v. Coursey*, 469 F. App'x 622, 624 (9th Cir. 2012). Although the Ninth Circuit has not articulated what factors courts must consider when determining if appointed counsel is necessary to prevent due process violations in habeas actions, the Eighth Circuit has utilized the standards set forth pursuant to 28 U.S.C. §1915(e) when determining if counsel should be appointed in habeas actions. *Nachtigall v. Class*, 48 F.3d 1076, 1081-82 (8th Cir. 1995) ("Factors bearing on this determination include: the factual complexity of the issues; the ability of an indigent to investigate the facts; the existence of conflicting testimony; the ability of an indigent to present his claim; and the complexity of the legal issues."). The Ninth Circuit considers similar factors under 28 U.S.C. § 1915(e). *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983). Thus, this Court will utilize the standard set forth by the Eighth and Ninth Circuits in a 28 U.S.C. § 1915 analysis to determine if the Court should appoint counsel for Petitioner.

Here, the legal and factual issues are complex. There are several procedural issues that appear difficult to resolve even with a thorough review of the case records. Given this complexity and Petitioner's lack of resources, Petitioner has difficulty investigating the facts and articulating his claims for federal court. The Court should appoint counsel for Petitioner.

Accordingly, it is hereby **ORDERED** that Petitioner's Application for Court Appointed Counsel (Dkt. 11) is **GRANTED**.

//

//

//

1  The Petition [Dkt. #3] is renoted for November 23, 2012.  Petitioner's Response to Respondent's

2  Motion to Dismiss [Dkt. #8] shall be filed by November 19, 2012, and any Reply shall be filed

3  by November 23, 2012.

4        IT IS SO ORDERED.

5        Dated this 22nd day of October, 2012.

6

7                                                    _____

8                                                    Ronald B. Leighton
                                                  United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24